**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALEJANDRO LOPEZ, | No. 15-35422 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-00506-CL |
| v. | |
| J. TAYLOR, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 7, 2016[**]
Portland, Oregon

Before: BEA and OWENS, Circuit Judges and BURNS,[***] District Judge.

Luis A. Lopez, an Oregon state court prisoner, appeals from the district

court's denial of his petition for a writ of habeas corpus. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

under 28 U.S.C. § 1291, and we affirm.  As the parties are familiar with the facts, we do not recount them here.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), it was not an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, for the Oregon Court of Appeals to hold that specific performance of Lopez's prior agreement with the Multnomah County District Attorney's Office was an adequate remedy for the District Attorney's Office's breach of that agreement.  *See* 28 U.S.C. § 2254(d)(1).

According to Supreme Court precedent as established in *Santobello v. New York*, 404 U.S. 257 (1971), a state violates an individual's due process rights when it breaches a plea agreement, and that individual is entitled to a remedy.  *Id.* at 262. The state court, however, has discretion to craft an appropriate remedy, as it is "in a better position to decide" the type of remedy that "the circumstances of [the] case require."  *Id.* at 263.  One possible remedy the Supreme Court mentioned was specific performance of the agreement.  *Id.*

As is evident from *Santobello*, and as Lopez does not dispute, it is within the state court's discretion to determine the remedy for breach of a plea agreement. *See id.*  The Oregon Court of Appeals held that specific performance in this case—requiring the District Attorney's Office to provide the bargained-for letter

2

recommending Lopez's release, and requiring a new hearing in front of the Parole Board once the letter was received—was an adequate remedy. Lopez contends that the Parole Board will "always believe[] that the DA did not truly stand behind the content of the compelled letter," and a new hearing can therefore never be an adequate remedy. Lopez, however, does not point to any case law showing that specific performance under the circumstances of his case is such an unreasonable remedy that no reasonable jurist could find it adequate. Instead, the Supreme Court has rejected similar arguments based on the idea that it is "too late to 'unring' the bell." *Puckett v. United States*, 556 U.S. 129, 139 (2009).

Accordingly, it was not an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, for the Oregon Court of Appeals to hold that specific performance of Lopez's agreement with the Multnomah County District Attorney's Office was an adequate remedy for the state's breach of the plea agreement. Thus, the district court did not err in denying Lopez's petition for a writ of habeas corpus.

**AFFIRMED**.